# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| Alvin Dean Edwards, | ) | |
| --- | --- | --- |
| | ) | Criminal Action No.: 7:08-cr-01142-JMC |
| Petitioner, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court pursuant to Petitioner's Motion to Vacate (ECF No. 40) and Supplemental Motion to Vacate (ECF No. 47).[1] Petitioner seeks relief from his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF Nos. 40 at 5, 47 at 1.) For the reasons stated below, the court **STAYS** proceedings on Petitioner's Motions to Vacate (ECF No. 40, 47) pending until the Unites States Court of Appeals for the Fourth Circuit's decision in *Simms* and *Ali*.[2]

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On November 12, 2008, Petitioner was charged with committing a Hobbs Act robbery,[3] brandishing a firearm in furtherance of the robbery, and being a felon in possession of a firearm.

---

[1] Petitioner filed a Motion to Vacate (ECF No. 40) and a Supplemental Motion to Vacate (ECF No. 47). The latter contains the entirety of the arguments in Petitioner's Motion to Vacate; therefore, the court addresses Petitioner's Supplemental Motion and in doing so also considers the arguments proffered in Petitioner's first Motion.

[2] *United States v. Simms*, No. 15-4640 (4th Cir. argued Oct. 28, 2016); *United States v. Ali*, No. 15-4433 (4th Cir. filed July 10, 2015).

[3] A defendant commits a Hobbs Act robbery when he: "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section . . . . As

1

(ECF No. 2.) On May 21, 2009, Petitioner pleaded guilty to all charges in the indictment. (ECF No. 28.) Petitioner was sentenced to a term of 130 months of incarceration and five (5) years of supervised release. (ECF No. 32.)

On June 15, 2016, Petitioner filed a *pro se* Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 40.) On June 21, 2016, the court granted leave for Petitioner's counsel to file a supplemental motion (ECF No. 46), and on July 21, 2016, a supplemental motion was filed by Petitioner's counsel (ECF No. 47). The government responded (ECF No. 49), and Petitioner replied (ECF No. 51).

## II. LEGAL STANDARD

In order to move for relief under 28 U.S.C. § 2255, Petitioner must plead that he was sentenced "(1) in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, or (4) that his sentence is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Pursuant to 28 U.S.C. § 2555(f), a petitioner has one year from the time his or her conviction becomes final to file a motion under this section, or one year from "the date on which the right asserted was initially recognized by the United States Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2255(f)(1),(3).

---

used in this section [the] term 'robbery' means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining." 18 U.S.C. § 1951.

2

## III. ANALYSIS

Petitioner asserts that his sentence is in excess of the maximum authorized by law because the residual clause in 18 U.S.C. § 924(c)(3)(B)(ii)[4] was found to be unconstitutionally vague in *Johnson v. United States*. In *Johnson*, the United States Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution. 135 S. Ct. at 2563. *Johnson* was decided on June 26, 2015, and presented a new right for defendants sentenced to the mandatory minimum sentence of fifteen (15) years based on the residual clause of the statutory definition of violent felony. In *Welch v. United States*, the Supreme Court held that *Johnson* had a retroactive effect in cases on collateral review. 136 S. Ct. 1257, 1268 (2016).

Petitioner seeks relief under *Johnson*, but Petitioner was sentenced under § 924(c)(3)(B) not § 924(e)(2)(B)(ii). In *Johnson*, the Supreme Court only ruled on the ambiguity of the residual clause within the statutory definition of violent felony § 924(e)(2)(B)(ii). *Johnson*, 135 S. Ct. at 2563. *Johnson* did not consider the residual clause of §924(c)(3). *See United States v. Brown*, 868 F.3d 297, 302 (4th Cir. 2017) ("*Johnson* did not discuss the mandatory Sentencing Guidelines' residual clause at issue here or residual clauses in other versions of the Sentencing Guidelines.") (citing *Johnson*, 135 S. Ct. at 2555-56).

Nonetheless, Petitioner posits that the holding in *Johnson* invalidates the residual clause in §924(c)(3)(B), and Petitioner asserts § 924(c)(3)(B) is the only subsection that a Hobbs Act

---

[4] The residual clause of 18 U.S.C. § 924(c)(3)(B) reads: "For purposes of this subsection the term 'crime of violence' means an offense that is a felony and . . . (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

robbery can fit within. (ECF No. 47 at 3.) The Court of Appeals for the Fourth Circuit is currently considering whether *Johnson* invalidates the residual clause in § 924(c)(3)(B) and whether a Hobbs Act robbery satisfies § 924(c)(3)(A). *See United States v. Simms*, No. 15-4640 (4th Cir. argued Oct. 28, 2016); *United States v. Ali*, No. 15-4433 (4th Cir. filed July 10, 2015).[5] The Court finds it appropriate to stay proceedings on Petitioner's § 2255 motion until the Court of Appeals for the Fourth Circuit decides *Simms* and *Ali*.

## IV. CONCLUSION

For the reasons stated above, the court **STAYS** proceedings on Petitioner's Motion to Vacate (ECF No. 40) and Supplemental Motion to Vacate (ECF No. 47) until the Court of Appeals for the Fourth Circuit decides *Simms* and *Ali*.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 18, 2018
Columbia, South Carolina

---

[5] These cases were placed in abeyance by the Court of Appeals for the Fourth Circuit until the Supreme Court decided *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) *aff'g Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015) The Supreme Court decided *Dimaya* on April 17, 2018, so a Fourth Circuit opinion addressing *Simms* and *Ali* should be forthcoming.